UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim. No.: 7:07-cr-0001-GFVT |
| | ) | Related Civil No.: 7:16-cv-0040-GFVT |
| V. | ) | |
| | ) | |
| MUHAMMAD ABDUL-RAHMAN, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant/Petitioner. | ) | **ORDER** |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 31.] The Defendant, Muhammad Abdul-Rahman, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 27.] Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny Defendant Abdul-Rahman's motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Abdul-Rahman filed objections on June 13, 2016. [R. 32.] Most of these objections simply restate and elaborate Mr. Abdul-Rahman's argument presented in his motion for § 2255 relief. The Court acknowledges its duty to review Mr. Abdul-Rahman's filings under a more lenient standard than the one applied to attorneys because Mr. Abdul-Rahman is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient construction, these objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Abdul-Rahman's objections will be **OVERRULED**.

# I

Judge Atkins's Recommended Disposition accurately sets for the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record into this Order.

In January 2007, Mr. Abdul-Rahman was indicted for assault with the intent to murder, assault with a dangerous weapon, and possession of a prohibited object by a federal prisoner. [R. 1.] Mr. Abdul-Rahman entered a guilty plea to Count 2, assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). [R. 15.] On June 8, 2007, Mr. Abdul-Rahman was sentenced to ninety-six months of imprisonment, which he did not appeal. [R. 21.] At sentencing, he was

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Abdul-Rahman filed objections on June 13, 2016. [R. 32.] Most of these objections simply restate and elaborate Mr. Abdul-Rahman's argument presented in his motion for § 2255 relief. The Court acknowledges its duty to review Mr. Abdul-Rahman's filings under a more lenient standard than the one applied to attorneys because Mr. Abdul-Rahman is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient construction, these objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Abdul-Rahman's objections will be **OVERRULED**.

# I

Judge Atkins's Recommended Disposition accurately sets for the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record into this Order.

In January 2007, Mr. Abdul-Rahman was indicted for assault with the intent to murder, assault with a dangerous weapon, and possession of a prohibited object by a federal prisoner. [R. 1.] Mr. Abdul-Rahman entered a guilty plea to Count 2, assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). [R. 15.] On June 8, 2007, Mr. Abdul-Rahman was sentenced to ninety-six months of imprisonment, which he did not appeal. [R. 21.] At sentencing, he was

identified as a "career offender" under U.S.S.G. § 4B1.1(a),[1] increasing his criminal history category from IV to VI. [R. 37 at 11.]

## II

### A

Mr. Abdul-Rahman filed a motion for § 2255 relief on March 28, 2016. [R. 27.] In this motion, he requests his sentence be vacated or corrected pursuant to *Johnson v. United States*, 135 S.C. 2551 (2015). Judge Atkins determined, even though his § 2255 motion was nearly nine years after his judgment became final, his motion was not procedurally defaulted or barred by the one-year statute of limitations because he was unable to bring these arguments at the time of his sentencing. [R. 31 at 3–4.] Accordingly, Judge Atkins addressed the merits of his claim.

Here, Mr. Abdul-Rahman claims that his sentence, based on his career offender status, should be vacated because his felony convictions were incorrectly classified as "crimes of violence" pursuant to the residual clause of U.S.S.G. § 4B1.1. [R. 27.] The Supreme Court in *Johnson* invalidated the residual clause of the Armed Career Criminal Act, which Mr. Abdul-Rahman claims effectively annulled the analogous residual clause of § 4B1.1.[2]

However, Judge Atkins determined that Mr. Abdul-Rahman did not receive an enhanced sentence under this residual clause. [R. 31 at 6.] According to his Presentence Investigation Report, he had at least two prior felony convictions: an armed robbery conviction from February

---

[1] Mr. Abdul-Rahman was sentenced using the 2006 version of the Sentencing Guidelines. [R. 37 at 3.] At the time of both his § 2255 motion and Judge Atkins's Recommendation, the 2015 Guidelines Manual was in effect. On August 1, 2016, shortly after Judge Atkins's Recommendation, the United States Sentencing Commission amended the definition of a "crime of violence" under § 4B1.2 following the uncertainty of the *Johnson* decision.

[2] Under § 4B1.1(a) of the 2015 Guidelines Manual, "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term of exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a) (emphasis added). This italicized clause is the "residual clause" Mr. Abdul-Rahman believes was invalidated.

3

of 2001 [R. 37 at 5] and aggravated assault from December of 2001 [R. 37 at 8]. Both of these offenses are enumerated under the U.S.S.G.'s definition of a "crime of violence" in the application note to § 4B1.2. Neither of these crimes enhanced his sentence under the residual clause, both were enumerated offenses that qualified him as a career offender. Accordingly, Judge Atkins recommended this Court deny Mr. Abdul-Rahman's request for relief. [R. 31 at 6–7.]

**B**

In his objections, Mr. Abdul-Rahman primarily reiterates his arguments from his § 2255 motion, but he also points to portions of Judge Atkins's Recommendation he views problematic. [R. 32.] The Court generally applies a less stringent standard to pleadings made by *pro se* litigants, and under this standard, some of his objections are sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, Mr. Abdul-Rahman claims that he was not convicted for possession of a firearm, and therefore, his conviction for armed robbery should not be considered a crime of violence. [R. 32 at 3–4.] However, it is not necessary to be convicted with possession of a firearm for the conviction to be considered a "crime of violence." Under the application note for § 4B1.2, robbery, not just *armed* robbery, is considered a "crime of violence." It is irrelevant whether Mr. Abdul-Rahman possessed a firearm. Furthermore, he objects to Judge Atkins's reliance on his sentencing memorandum to find these convictions. However, the crimes reflected in the sentencing memorandum are the same crimes reflected in the Presentence Investigation Report. [*Compare* R. 22 *with* R. 37.] Any error from such reliance on the sentencing memorandum for this information is harmless. Accordingly, these objections are overruled.

4

# III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's thorough analysis of Mr. Abdul-Rahman's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Abdul-Rahman's Objections to the Recommended Disposition [**R. 32**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 31**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate under § 2255 [**R. 27**] is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 5th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge